**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4710**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JUAN JOSE JAIMES GARCIA,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.    Martin K. Reidinger, District Judge. (2:11-cr-00023-MR-DLH-2)

───────────

Submitted:  May 13, 2013              Decided:  June 6, 2013

───────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  William Michael Miller, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Jose Jaimes Garcia appeals his conviction and sentence of 135 months of imprisonment following his guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006). Garcia challenges the district court's enhancement of his offense level under U.S. Sentencing Guidelines Manual § 3B1.1 (2011) and argues that his due process rights were violated by the fact that his Guidelines range and sentence were not determined in conjunction with the entry of his plea. The Government has moved to dismiss the appeal pursuant to the terms of the appellate waiver contained in Garcia's plea agreement. We grant the Government's motion in part, dismiss Garcia's appeal of his sentence, and affirm Garcia's conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made

2

based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, the court fully complied with Fed. R. Crim. P. 11 when accepting Garcia's plea and expressly confirmed that Garcia understood the impact his appellate waiver would have on his right to contest his conviction and sentence. Garcia argues that his waiver is invalid because he expressed momentary confusion and needed to confer with counsel at several points during his Rule 11 hearing. Because, however, Garcia confirmed that each of his brief conferences with counsel dispelled any misunderstanding, we find that Garcia's plea was knowing and voluntary and that his waiver is enforceable.

The waiver's broad language relinquishes Garcia's right to appeal his conviction and sentence, subject to exceptions not applicable here. Accordingly, the majority of Garcia's claims on appeal fall within its scope; those that arguably do not are unavailing.

First, we construe Garcia's due process claim as questioning the knowing and voluntary nature of his plea, which

3

brings it outside the scope of his appellate waiver. A guilty plea is not rendered invalid by the fact that a defendant's exact sentence or Guidelines range remains indeterminate and unknown to him when he enters his plea. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); United States v. DeFusco, 949 F.2d 114, 118-19 (4th Cir. 1991) (collecting cases and explaining that there is no requirement that the court determine and inform the defendant of the applicable Guidelines range before accepting his guilty plea); see also United States v. Ruiz, 536 U.S. 622, 630 (2002) (the Constitution does not require that a defendant be apprised with exacting specificity of the consequences of his guilty plea). Because Garcia has not produced authority supporting his contrary position, he fails to show error in the acceptance of his plea. United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

To the extent that Garcia challenges his sentence, either on due process grounds or on the basis that his Guidelines range was improperly calculated, such arguments are clearly barred by the waiver. United States v. Thornsbury, 670 F.3d 532, 537-40 (4th Cir.), cert. denied, 133 S. Ct. 196 (2012). Garcia does not contend otherwise, and we therefore grant the Government's motion to dismiss Garcia's appeal of his sentence.

4

Accordingly, we grant in part the Government's motion to dismiss, dismiss Garcia's appeal of his sentence, and affirm Garcia's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>